No. 95,962

In the Matter of JAMES M. HOLMBERG, *Respondent*.
(135 P.3d 1196)

Opinion filed June 9, 2006.

*Janith A. Davis*, deputy disciplinary administrator, argued the cause and, *Stanton A. Hazlett*, disciplinary administrator, was with her on the formal complaint for the petitioner.

*John H. Fields*, argued the cause for respondent, and *James M. Holmberg*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against James M. Holmberg, of Kansas City, an attorney admitted to the practice of law in Kansas. The formal complaint filed against the respondent alleged violations of KRPC 1.16(a)(1) (2005 Kan. Ct. R. Annot. 444) (declining or terminating representation); KRPC 5.5(a) (2005 Kan. Ct. R. Annot 488) (unauthorized practice of law); KRPC 8.4(d) (2005 Kan. Ct. R. Annot. 504) (misconduct); Supreme Court Rule 208(a) (2005 Kan. Ct. R. Annot. 281) (attorney registration); and Supreme Court Rule 218(a) (2005 Kan. Ct. R. Annot. 315) (disbarred or suspended attorneys), but as will be clarified in the opinion, the hearing panel and this court found the evidence was sufficient only as to KRPC 1.16(a)(1) and KRPC 5.5(a).

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys. The panel made the following findings of fact and conclusions of law together with its recommendations to this court:

### "FINDINGS OF FACT

"The Hearing Panel finds the following facts, by clear and convincing evidence:

"1.    James M. Holmberg (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 12134. His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Kansas City, Kansas. The Respondent was admitted to the practice of law in the state of Kansas on September 28, 1984.

"2. For the 2002-03 compliance period, the Respondent failed to pay the annual attorney registration fee, the Respondent failed to pay the annual continuing legal education fee, and the Respondent failed to fulfill the minimum continuing legal education requirement on or before July 1, 2003.

"3. On August 5, 2003, the Kansas Continuing Legal Education Commission sent notice to the Respondent, in accordance with Kan. Sup. Ct. R. 806(b), that he failed to pay the annual continuing legal education fee, that he failed to pay the continuing legal education late fee, and that he failed to fulfill the minimum continuing legal education requirement.

"4. On August 29, 2003, the Clerk of the Kansas Supreme Court sent notice to the Respondent, in accordance with Kan. Sup. Ct. R. 208(e), that he failed to pay the annual attorney registration fee.

"5. On October 6, 2003, the Kansas Supreme Court suspended the Respondent from the practice of law in Kansas based on his failure to pay the annual attorney registration fee, failure to pay the annual continuing legal education fee, failure to pay the continuing legal education late fee, and failure to fulfill the minimum continuing legal education requirements. The Clerk of the Appellate Court sent a copy of the order of suspension to the Respondent through certified mail. Despite the order of suspension, the Respondent continued to practice law.

"6. In March 2004, the Respondent began representing Sandra Steele, D.O., in a felony criminal matter. Thereafter, the Respondent appeared in the Wyandotte County District Court in behalf of Dr. Steele on March 9, 2004, June 15, 2004, July 13, 2004, and August 10, 2004.

"7. On August 12, 2004, Constance M. Alvey, Assistant District Attorney for Wyandotte County, filed a complaint against the Respondent, alleging that the Respondent practiced law after his license was suspended.

"8. On August 20, 2004, the Respondent finally complied with all of the annual requirements to maintain his law license. Thereafter, August 24, 2004, the Kansas Supreme Court reinstated the Respondent's license to practice law.

"9. In addition to Dr. Steele, the Respondent represented many other clients during the period of suspension. Throughout the period of suspension from October 6, 2003, through August 20, 2004, the Respondent engaged in the active and continuous practice of law in Kansas.

"CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.16 and KRPC 5.5, as detailed below.

"[Footnote 1: In addition to alleging that the Respondent violated KRPC 1.16(a)(1) and KRPC 5.5(a), the Deputy Disciplinary Administrator also alleged that the Respondent violated KRPC 8.4(d), Kan. Sup. Ct. R. 208(a), and Kan. Sup. Ct. R. 218(a). After careful consideration, the Hearing Panel concludes that clear and convincing evidence was not presented to establish that the Respondent violated KRPC 8.4(d). Certainly, there was a potential that the administration of

justice could have been prejudiced; however, in this case, it appears that justice was not prejudiced. Additionally, the Hearing Panel concludes that Kan. Sup. Ct. R. 208(a) and Kan. Sup. Ct. R. 218(a) are not rules which should be considered in a disciplinary context. As such, the Hearing Panel declines to rule on whether the Respondent violated those two rules.]

"2.   KRPC 1.16(a)(1) provides:

'[A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client . . . if the representation will result in violation of the rules of professional conduct or other law.' [2005 Kan. Ct. R. Annot. 444.]

"Attorneys are prohibited from representing clients when that representation will result in a violation of the Kansas Rules of Professional Conduct or other law. In this case, the Respondent's representation of Dr. Steele as well as the Respondent's representation of numerous other clients violated KRPC 5.5 (the unauthorized practice of law). Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.16(a)(1).

"3.   KRPC 5.5(a) prohibits the unauthorized practice of law. The Respondent represented Dr. Steele from March 2004, through August 2004. Additionally, the Respondent represented numerous other clients throughout the period of suspension. Because the Respondent continued to practice law when his license to do so had been suspended, the Hearing Panel concludes that the Respondent violated KRPC 5.5(a).

### "AMERICAN BAR ASSOCIATION
### STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to the legal profession.

"*Mental State.* The Respondent knowingly violated his duty.

"*Injury.* As a result of the Respondent's misconduct, the Respondent caused potential injury.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been previously disciplined on one occasion. On August 28, 2001, Frank D. Diehl, Deputy Disciplinary Administrator informally admonished the Respondent for having violated KRPC 1.3, KRPC 1.4, and KRPC 1.16.

"A Pattern of Misconduct. In this case, the Respondent failed to comply with the annual administrative requirements to maintain a license to practice law. As a result, the Kansas Supreme Court suspended the Respondent's license to practice law in the state of Kansas. Throughout the period of suspension, the Respondent engaged in the active and continuous practice of law.

"The Hearing Panel concludes that the Respondent engaged in a pattern of misconduct because prior to the October 2003, suspension, the Respondent had engaged in similar misconduct on three previous occasions.

"On November 4, 1998, the Kansas Supreme Court suspended the Respondent for failing to comply with the annual administrative requirements to maintain a license to practice law. Thereafter, on December 8, 1998, the Kansas Supreme Court reinstated the Respondent's license to practice law. Throughout the 1998 suspension, the Respondent engaged in the active and continuous practice of law in the state of Kansas.

"On October 16, 2001, the Kansas Supreme Court suspended the Respondent for failing to comply with the annual administrative requirements to maintain a license to practice law. Thereafter, on October 24, 2001, the Kansas Supreme Court reinstated the Respondent's license to practice law. During the 2001 suspension, the Respondent engaged in the active and continuous practice of law in the state of Kansas.

"On October 7, 2002, the Kansas Supreme Court suspended the Respondent for failing to comply with the annual administrative requirements to maintain a license to practice law. Thereafter, on December 19, 2002, the Kansas Supreme Court reinstated the Respondent's license to practice law. Throughout the 2002 suspension, the Respondent engaged in the active and continuous practice of law in the state of Kansas.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1984. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of nearly 20 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and Gen-

eral Reputation of the Attorney. The Respondent is an active and productive member of the bar in Kansas City, Kansas. He enjoys the respect of his clients and generally possesses a good character and reputation as evidenced by several letters received by the Hearing Panel.

"Remorse. At the hearing on the Formal Complaint, the Respondent expressed genuine remorse.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system.' Standard 7.2.

### "RECOMMENDATION

"The Deputy Disciplinary Administrator recommended that the Respondent be suspended from the practice of law in the state of Kansas for a period of not less than six months. The Respondent recommended that the Respondent be informally admonished and placed on probation.

"[Footnote 2: Kan. Sup. Ct. R. 218(c) provides that '[v]iolation of any suspension order shall constitute grounds for disbarment.' While the Respondent violated a suspension order, it was an administrative suspension order rather than a disciplinary suspension order. The Hearing Panel concludes that Kan. Sup. Ct. R. 218(c) applies only to 'disciplinary suspensions' and not to 'administrative suspensions.' In addition, if the rule does apply to 'administrative suspensions,' the Hearing Panel notes that the rule states that such violation shall be 'grounds for disbarment,' but stops short of requiring disbarment.]

"Last year, the Kansas Supreme Court adopted a rule which dictates the procedure to follow when a Respondent requests probation:

'(g) Requirements of Probation

(1) If the Respondent intends to request that the Respondent be placed on probation for violating the Kansas Rules of Professional Conduct or the Kansas Supreme Court Rules, the Respondent shall provide each member of the Hearing Panel and the Disciplinary Administrator with a workable, substantial, and detailed plan of probation at least ten days prior to the hearing on the Formal Complaint. The plan of probation must contain adequate safeguards that will protect the public and ensure the Respondent's full compliance with the disciplinary rules and orders of the Supreme Court.

(2) If the Respondent provides each member of the Hearing Panel and the Disciplinary Administrator with a plan of probation, the Respondent shall immediately and prior to the hearing on the Formal Complaint put the plan of probation into effect by complying with each of the terms and conditions of the probation plan.

(3) The Hearing Panel shall not recommend that the Respondent be placed on probation unless:

(i) the Respondent develops a workable, substantial, and detailed plan of

probation and provides a copy of the proposed plan of probation to the Disciplinary Administrator and each member of the Hearing Panel at least ten days prior to the hearing on the Formal Complaint;

(ii)   the Respondent puts the proposed plan of probation into effect prior to the hearing on the Formal Complaint by complying with each of the terms and conditions of the probation plan;

(iii)   the misconduct can be corrected by probation; and

(iv)   placing the Respondent on probation is in the best interests of the legal profession and the citizens of the State of Kansas.' Kan. Sup. Ct. R. 211(g) (2005 Kan. Ct. R. Annot. 287).

It appears that the Respondent has complied with Kan. Sup. Ct. R. 211(g). The Respondent has developed a workable, substantial, and detailed plan of probation. The Respondent provided the plan of probation to the Hearing Panel and the Deputy Disciplinary Administrator in advance of the hearing. The Respondent put the plan of probation into effect prior to the hearing. The plan of probation appears to contain adequate safeguards to protect the public and to ensure that the Respondent complies with the disciplinary rules and orders of the Supreme Court. And, it appears that the misconduct in this case can be corrected by probation. Finally, placing the Respondent on probation is in the best interests of the legal profession and the citizens of the state of Kansas.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be suspended from the practice of law in the state of Kansas for a period of 90 days. The Hearing Panel further recommends that the suspension be suspended and that the Respondent be placed on supervised probation for a period of two years, subject to the following terms and conditions:

"1.   The Respondent shall abstain from alcohol consumption and continue monitoring for alcohol abuse under the general supervision of the Director of the Kansas Lawyers Assistance Program, who shall immediately report to the Disciplinary Administrator any abandonment of sobriety or conduct likely to result to the detriment of the Respondent's clients.

"2.   The monitoring agreement signed by the Respondent on September 19, 2005, is incorporated herein by reference. The monitoring agreement shall be renewed and extended, upon such terms and conditions as the Director of the Kansas Lawyers Assistance Program shall recommend and the Disciplinary Administrator shall approve, for a period of two years from the date of the Supreme Court opinion placing the Respondent on probation or until such time as the Supreme Court discharges the Respondent from probation pursuant to Kan. Sup. Ct. R. 211(g).

"3.   Charles Ball, an attorney at law practicing in Kansas City, Kansas, will monitor the Respondent's compliance with the monitoring agreement throughout its duration. The Monitoring Attorney shall be afforded all immunities granted by

the Kan. Sup. Ct. R. 223 during the course of his activities as directed by the Supreme Court.

"4. The Monitoring Attorney shall make written monthly progress reports to the Director of the Kansas Lawyer Assistance Program and the Disciplinary Administrator. The Monitoring Attorney shall immediately report to the Director of the Kansas Lawyers Assistance Program and the Disciplinary Administrator any instance where the Respondent failed to comply with the terms and conditions of the monitoring agreement.

"5. The Respondent shall attend at least five Alcoholics Anonymous meetings each week. The Respondent shall document his attendance at the Alcoholics Anonymous meeting on the meeting attendance log.

"6. The Respondent shall submit to and pay for random drug and alcohol screens upon the request of the Director of the Kansas Lawyers Assistance Program, Monitoring Attorney, or the Disciplinary Administrator at such drug testing center as the Director of the Kansas Lawyers Assistance Program, Monitoring Attorney, or the Disciplinary Administrator shall specify. Failure to appear at such drug testing center within six hours of any request shall be a violation of the monitoring agreement. The Respondent shall ensure that copies of any and all drug and alcohol screens are provided to Director of the Kansas Lawyers Assistance Program, Monitoring Attorney, and the Disciplinary Administrator.

"7. For the purpose of compliance with the provisions of this plan, the provisions of Kan. Sup. Ct. R. 206(g) are waived by the Respondent and those provisions shall not apply to any information required by this plan to be furnished to the Disciplinary Administrator by the Director of the Kansas Lawyer Assistance Program or the Monitoring Attorney.

"8. The Respondent shall continue in treatment under the direction of Dr. Tom Hall. The Respondent shall see Dr. Hall on a regular basis. The Respondent shall take any prescribed medication and fully participate in any therapy as directed by Dr. Hall. Dr. Hall shall keep the Disciplinary Administrator informed of the Respondent's progress in treatment in such manner as required by the Disciplinary Administrator.

"9. The Respondent shall timely pay his annual attorney registration fee and his annual continuing legal education fee. Additionally, the Respondent shall also fulfill the minimum continuing legal education requirement for each compliance period, prior to the expiration of such period.

"10. The Respondent shall not violate any of the Kansas Rules of Professional Conduct during the term of his probation and thereafter. He shall immediately respond to inquiries from the office of the Disciplinary Administrator and the Monitoring Attorney.

"11. In the event the Respondent fails to comply with one or more probation conditions, the Respondent shall immediately inform the Monitoring Attorney and provide the Disciplinary Administrator with an affidavit setting forth each failure.

"12.   After receiving an affidavit from the Respondent or upon receiving any other credible evidence that the Respondent has violated one or more probation conditions, the Disciplinary Administrator may proceed as provided in Kan. Sup. Ct. R. 211(g)(9).

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

We have reviewed the record of the disciplinary hearing including the panel's finding of fact, conclusions of law, and its recommendations for discipline against respondent. We conclude that the findings of the panel are supported by clear and convincing evidence and adopt all facts found by the panel. We also note that respondent did "not wish to file exceptions to the Final Hearing Report of the State Board for Discipline of Attorneys" in his case. We have also considered the panel's conclusions of law and find such conclusions are supported by its findings. We therefore adopt the panel's conclusions of law.

Attorneys are prohibited from representing clients when that representation will result in a violation of the Kansas Rules of Professional Conduct or other law. In this case the Respondent's representation of Dr. Steele, as well as his representation of numerous other clients, during a period when his license to practice law had been suspended violated KRPC 5.5 (2005 Kan. Ct. R. Annot. 488), which prohibits the unauthorized practice of law. Accordingly, we conclude that the Respondent violated KRPC 1.16(a)(1) (2005 Kan. Ct. R. Annot. 444).

KRPC 5.5(a) prohibits the unauthorized practice of law. The Respondent represented Dr. Steele from March 2004 through August 2004, as well as numerous other clients throughout this same period of time. During this time Respondent's license to practice law in this State had been suspended. We conclude that his continued representation of clients during the period of time that he was suspended from the practice of law constitutes a violation of KRPC 5.5(a).

Finally, we have considered the aggravating and mitigating facts identified by exhibits and in the Final Hearing Report, arguments of counsel, and the panel's detailed recommendation for discipline.

With the exception of the period of time suspending Respondent from the practice of law in Kansas, a majority of this court concludes that the recommended discipline is appropriate under the facts of this case and adopts such recommendations. A minority of this court would impose more severe discipline.

IT IS THEREFORE ORDERED that James M. Holmberg's license to practice law in this state be suspended for a period of 1 year from the effective date of this order.

IT IS FURTHER ORDERED that the above suspension be suspended and that James M. Holmberg be placed on supervised probation for a period of 2 years from the effective date of this order subject to those terms and conditions set forth above in the recommendations by the panel.

IT IS FURTHER ORDERED that the costs of this proceeding be assessed to James M. Holmberg and that this opinion be published in the official Kansas Reports.